IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREDERICK W. SMITH, JR., | § | |
| | § | |
| Defendant Below-Appellant, | § | No. 325, 2017 |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 93007368DI (N) |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: August 21, 2017
Decided: September 26, 2017

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

This 26th day of September 2017, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1) In 2009, this Court enjoined the appellant, Frederick Smith, from filing appeals or writs in this Court relating to his 1993 convictions[1] unless he first sought leave of the Court and filed a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e).[2] In 2014, this

---

[1] *Smith v. State*, 2009 WL 2888258 (Del. Sept. 10, 2009).
[2] Section 8803(e) provides that if the Court finds a litigant to have abused its processes, then it may enjoin a litigant from future filings unless the litigant files an affidavit certifying, among other things, that the issues sought to be raised have never been raised

Court directed the Clerk of the Court to refuse any initial filing from Smith unless it was accompanied by the filing fee or a completed motion to proceed *in forma pauperis* (IFP), and the IFP motion was first granted by the Court.[3]

(2)　In this case, Smith filed his opening brief on appeal together with his notice of appeal and IFP motion on August 16, 2017, which had the effect of triggering the State's obligation to file either an answering brief or a motion to affirm. Before this Court had the opportunity to rule on Smith's IFP motion and determine if his appeal would be allowed to proceed, the State filed its motion to affirm on August 21, 2017.

(3)　After careful consideration of the parties' respective positions on appeal, it is clear that the judgment below should be affirmed on the basis of and for the reasons set forth in the Superior Court's well-reasoned decision dated July 26, 2017. The Superior Court's denial of Smith's motion for correction of illegal sentence is controlled by settled Delaware law that Smith, acting with due diligence, should have found. We find the sworn certifications contained in Smith's IFP motion to be false. Thus, we deny his IFP motion *nunc pro tunc*.

---

or disposed of by any court and that the litigant has no reason to believe that the claims are foreclosed by existing law.

[3] *In re Smith*, 2014 WL 2503824 (Del. May 29, 2014).

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. Smith's IFP motion is DENIED. The Clerk of the Court is directed to refuse for docketing, and return to Smith, any future notice of appeal or petition for a writ unless it is accompanied by the filing fee or by a completed motion to proceed *in forma pauperis*. No action will be required by the State in any new matter until Smith has paid the filing fee or this Court has granted his IFP motion.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice